IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Roger Jackson,  )<br>   )<br>   Petitioner,  )<br>   )<br>vs.  )<br>   )<br>Casss County Court,  )<br>North Dakota State Prison,  )<br>   )<br>   Respondents.  ) | **ORDER OF DISMISSAL WITHOUT PREJUDICE**<br><br><br>Case No. 1:21-cv-207 |

Petitioner is presently incarcerated at the North Dakota State Penitentiary. (Doc. No. 1-1). He initiated the above entitled action on November 16, 2021, by filing with the court a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. No. 2). In his petition he names the Cass County Court and the North Dakota State Prison as respondents.

Rule 2(a) of the Rules Governing Section 2254 Cases provides that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. Rumsfeld v. Padilla, 542 U.S. 426, 434 (2005); see also Piercy v. Parratt, 579 F.2d 470, 472 (8th Cir.1978) (finding that a habeas petition attacking the revocation of the petitioner's parole was "procedurally flawed" because he failed to name his custodian, the warden of the state prison where he was incarcerated).

Neither the Cass County Court nor the North Dakota State Prison are a state officer who has custody of Petitioner. Consequently, neither of them are proper respondents under Rule 2(a) of the Rules Governing Section 2254 Cases. On November 17, 2021, the court issued an order pointing

1

out this defect in the petition and giving Petitioner until December 15, 2021, to file an amended petition that names a proper respondent.  It also cautioned Petitioner that a  failure on his part to file an amended petition as instructed could  result in the dismissal of this matter without prejudice.  See e.g., Farmer v. Nebraska, No. 4:21CV3012, 2021 WL 1599380, at *2 (D. Neb. Apr. 23, 2021) (warning petitioner that his failure to file an amended petition that was not signed under penalty of perjury and did not name a proper respondent was subject to dismissal without prejudice); Longs v. Jacobsens, No. 4:18CV3120, 2018 WL 11219552, at *1 (D. Neb. Oct. 9, 2018) (deeming an unsigned habeas petition that failed to name a proper respondent as deficient on initial review and granting petitioner leave to file an amended habeas petition addressing these deficiencies); see also Riddle v. Minnesota, No. 20-CV-1262 (ECT/ECW), 2021 WL 799490, at *7 (D. Minn. Jan. 8, 2021), report and recommendation adopted, No. 20-CV-1262 (ECT/ECW), 2021 WL 795164 (D. Minn. Mar. 2, 2021), certificate of appealability denied, No. 21-1628, 2021 WL 4202501 (8th Cir. Aug. 2, 2021) (recognizing that the failure to name a proper respondent constituted a basis for the dismissal of a habeas petition).

Again "the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Padilla, 542 U.S. 426, 434(quoting 28 U.S.C. § 2242); Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody.").  "[T]here is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." Padilla, 542 U.S. at 434-435. "In habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the

facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id. at 435; see also Piercy v. Parratt, 579 F.2d 470, 472 (8th Cir.1978) (finding that habeas petition attacking the revocation of the petitioner's parole was "procedurally flawed" because he failed to name his custodian, the warden of the state prison where he was incarcerated). "Congress has authorized § 2254 petitioners challenging present physical custody to name either the warden or the chief state penal officer as a respondent." Padilla, 542 U.S. at 450 (citing Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts and the Advisory Committee Notes to Rule 2(a)),

To date Petitioner has not filed an amended petition that names a proper respondent, requested an extension of time to do so, or otherwise responded to the court's order in any way. The court has afforded Petitioner ample time to do so. It has also forewarned Petitioner that a failure on his part to file an amended petition naming a proper respondent could result in the dismissal of this matter.

Accordingly, the court **DISMISSES** the above-captioned action **WITHOUT PREJUDICE**. Reasonable jurists would not find this disposition of Petitioner's petition debatable. Consequently, this court will not issue a certificate of appealability to Petitioner. Petitioner is not foreclosed from filing another petition that names a proper respondent, which in this case would be the warden of the facility in which he is presently incarcerated

**IT IS SO ORDERED.**

Dated this 13th day of January, 2022.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court